IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEROME ZEIDMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. NO.: 05-10670-EFH |
| v. ) | |
| ) | |
| U.S. POST OFFICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

The Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(h)(3) for lack of subject matter jurisdiction. Under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671 *et seq.* ("FTCA"), the United States has expressly retained its sovereign immunity for "any claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 28, 2005, the plaintiff, Jerome Zeidman, filed a Statement of Small Claim and Notice of Trial against United States Postal Services ("USPS") seeking money damages in connection with the alleged mis-delivery or nondelivery of plaintiff's mail. See Statement of Small Claim and Notice of Trial, Small Claims Session, Taunton District Court (attached hereto as Exhibit A). Specifically, plaintiff alleges:

> The Post Office claims they delivered a package and left it at my front door. I never received this package. The driver scanned the ticket when she left the package. We did not sign anything. This was a substitute driver and feel [sic] she left the package somewhere else.

Id. Through this claim, plaintiff seeks to be reimbursed $89 plus court costs for a package he

claims was never delivered to him.

Although the Complaint fails to cite any statutory basis for the action against the Postal Service, the FTCA is the exclusive means for recovering damages against a federal agency "for injury or loss of property . . . resulting from the negligent or wrongful act or omission" of agency employees acting in their official capacities. 28 U.S.C. § 2679(b)(1). Pursuant to 28 U.S.C. § 2679, the United States removed plaintiff's case to this Court on April 5, 2005.

### ARGUMENT

**Plaintiff's Claim Is Barred Because "Any Claim Arising Out Of The Loss, Miscarriage Or Negligent Transmission Of Letters Or Postal Matter" Is Expressly Excluded From the FTCA's Waiver of Sovereign Immunity.**

It is beyond contravention that the United States, as sovereign, is "immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Lehman v. Nakshian, 453 U.S. 156, 160 (1981). In enacting the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, Congress provided a limited waiver of sovereign immunity for tort actions against the United States. The FTCA waives the government's sovereign immunity when government employees act negligently within the scope of their official duties. 28 U.S.C. § 1346(b). It is well established that any such waiver of the government's sovereign immunity must be construed strictly in favor of the sovereign. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34(1992). Not only does the FTCA represent the exclusive remedy "for injury or loss of property . . . arising from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), but also it contains several express exceptions to its waiver of sovereign immunity.

One such exception is set forth in Section 2680(b), which provides that the provisions of the FTCA do not apply to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).[1]  See also Djordjevic v. Postmaster General, U.S. Postal Service, 911 F. Supp. 72, 74-75 (E.D.N.Y. 1995)(relying on 28 U.S.C. § 2680(b) in dismissing postal customer's negligence action for loss of a package, because claim barred by the doctrine of sovereign immunity); Ins. Co. of N. Am. v. U.S. Postal Service, 675 F.2d 756, 759 (5th Cir. 1982)(". . . [Section] 2680(b) retains sovereign immunity with respect to claims of negligent handling of the mails.  Hence, plaintiff's suit must fail.")  Plaintiff's claim here falls squarely within the exception, and therefore is barred.  The legislative history of § 2680(b) "makes plain that Congress intended to protect the government from lawsuits that might be generated by the unavoidable mishaps incident to the ordinary accepted operations of delivering millions of packages and letters each year." Dolan v. U.S. Postal Service, 377 F.3d 285, 288 (3rd Cir. 2004).

In the instant case, plaintiff's claim is based on the alleged negligent handling of his mail. Exhibit A.  Because plaintiff asserts a claim "arising out of the loss" of postal matter, plaintiff's claim is barred by the express exception of 28 U.S.C. § 2680(b).  Accordingly, this Court lacks jurisdiction over plaintiff's claim and it must be dismissed.  Djordjevic, 911 F. Supp. at 75; Ins. Co. of N. Am., 675 F.2d at 759.

---

[1] Congress did provide a general waiver of immunity for the Postal Service in the Postal Reorganization Act of 1970, Pub. L. No. 91-375, 84 Stat. 719 (1970).  The "sue-and-be-sued" clause of the 1970 Act, however, must be read together with § 409(c) of the same statute, in which Congress stated that in actions sounding in tort, the remedies and restrictions of the FTCA shall apply.  Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97 (2d Cir. 1981); Sportique Fashions, Inc. v. Sullivan, 597 F.2d 664, 665-668 n.2 (9th Cir. 1979) (dictum); Myers & Myers, Inc. v. U.S. Postal Serv., 527 F.2d 1252 (2d Cir. 1975).

**CONCLUSION**

Plaintiff's Complaint for the loss of his package must be dismissed for lack of jurisdiction because negligent transmission of mail is expressly excluded from the FTCA's waiver of sovereign immunity, and this Court therefore lacks subject matter jurisdiction over the claim.[2]  The United States requests that the Court grant this Motion and dismiss the complaint with prejudice.

                                              Respectfully submitted,

                                              By their attorney,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

Dated:  21 April 2005                /s/ Barbara Healy Smith
                                  By:   Barbara Healy Smith
                                          Assistant U.S. Attorney
                                          John Joseph Moakley U.S.  Courthouse
                                          1 Courthouse Way, Suite 9200
                                          Boston, MA 02210
                                          (617) 748-3263

**CERTIFICATE OF SERVICE**

This is to certify that I have this  21st  day of April 2005, served upon the *pro se* plaintiff a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery, addressed to Jerome Zeidman, 27 Walden Drive, S. Easton, MA 02375.

                                              /s/ Barbara Healy Smith
                                              Barbara Healy Smith
                                              Assistant United States Attorney

---

[2] Even were this claim for negligent transmission of mail cognizable under the FTCA, which it is not, the Complaint would nonetheless have to be dismissed for lack of subject matter jurisdiction.  The suit is barred because the complaint does not allege the filing of a prior administrative claim against the United States.  An administrative claim is an absolute jurisdictional prerequisite to an FTCA suit, see 28 U.S.C. §§ 2401, 2675(a), and the failure to submit such a claim precludes this Court's exercise of jurisdiction over the action.  Skwira v. U.S., 344 F.3d 64, 71 (1st Cir. 2003).

| STATEMENT OF SMALL CLAIM AND NOTICE OF TRIAL | For Court Use Only | DOCKET NO. 0531 SC 258 | Trial Court of Massachusetts Small Claims Session |
|---|---|---|---|

PART 1: ☐ BOSTON MUNICIPAL COURT ☐ DISTRICT COURT TAUNTON Division ☐ HOUSING COURT _____ Division

PART 2:
PLAINTIFF'S NAME, ADDRESS, ZIP CODE AND PHONE
JEROME ZEIDMAN
27 WALDEN DR.
S. EASTON MASS 02375
PHONE NO: 508-230-8475

PLAINTIFF'S ATTORNEY (if any)
Name: PRO SE
Address:
PHONE NO:

PART 3:
DEFENDANT'S NAME, ADDRESS, ZIP CODE AND PHONE
U.S. POST OFFICE
704 WASHINGTON ST
S. EASTON MA. 02375
PHONE NO: 800 275 8777

ADDITIONAL DEFENDANT (if any)
Name:
Address:
PHONE NO:

PART 4:
PLAINTIFF'S CLAIM. The defendant owes $ 89 plus $ 30 court costs for the following reasons:
Give the date of the event that is the basis of your claim.

THE POST OFFICE CLAIMS THEY DELIVERED A PACKAGE AND LEFT IT AT MY FRONT DOOR. I NEVER RECEIVED THIS PACKAGE. THE DRIVER SCANNED THE TICKET WHEN SHE LEFT THE PACKAGE. WE DID NOT SIGN ANYTHING. THIS WAS A SUBSTITUTE DRIVER AND FEEL SHE LEFT THE PACKAGE SOMEWHERE ELSE.

SIGNATURE OF PLAINTIFF X _Jerome Zeidman_ DATE 2/28/05

PART 5:
MEDIATION: Mediation of this claim may be available prior to trial if both parties agree to discuss the matter with a mediator, who will assist the parties in trying to resolve the dispute on mutually agreed to terms. The plaintiff must notify the court if he or she desires mediation; the defendant may consent to mediation on the trial date.
☐ The plaintiff is willing to attempt to settle this claim through court mediation.

PART 6:
MILITARY AFFIDAVIT: The plaintiff states under the pains and penalties of perjury that the:
☑ above defendant(s) is (are) not serving in the military and at present live(s) or work(s) at the above address.
☐ above defendant(s) is (are) serving in the military

X _Jerome Zeidman_ SIGNATURE OF PLAINTIFF DATE

NOTICE OF TRIAL
NOTICE TO DEFENDANT:
You are being sued in Small Claims Court by the above named plaintiff. You are directed to appear for trial of this claim on the date and time noted to the right.

If you wish to settle this claim before the trial date, you should contact the plaintiff or the plaintiff's attorney.

SEE ADDITIONAL INSTRUCTIONS ON THE BACK OF THIS FORM

NAME AND ADDRESS OF COURT
Taunton District Court
15 Court St.
Taunton, MA 02780
508-824-4033
DATE AND TIME OF TRIAL
4/27/05 AT 10:00 AM

BOTH THE PLAINTIFF AND THE DEFENDANT MUST APPEAR AT THIS COURT ON THE DATE AND TIME SPECIFIED

FIRST JUSTICE | CLERK-MAGISTRATE OR DESIGNEE | ROOM NO.

INSTRUCTIONS FOR FILING A SMALL CLAIM — You must complete Parts 1-6 of this form. See instructions on reverse.

EXHIBIT A